(Slip Opinion) OCTOBER TERM, 2014 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## JESINOSKI ET UX. *v.* COUNTRYWIDE HOME LOANS, INC., ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 13–684.   Argued November 4, 2014—Decided January 13, 2015

Exactly three years after borrowing money from respondent Countrywide Home Loans, Inc., to refinance their home mortgage, petitioners Larry and Cheryle Jesinoski sent Countrywide and respondent Bank of America Home Loans, which had acquired Countrywide, a letter purporting to rescind the transaction. Bank of America replied, refusing to acknowledge the rescission's validity. One year and one day later, the Jesinoskis filed suit in federal court, seeking a declaration of rescission and damages. The District Court entered judgment on the pleadings for respondents, concluding that a borrower can exercise the Truth in Lending Act's right to rescind a loan, see 15 U. S. C. §1635(a), (f), only by filing a lawsuit within three years of the date the loan was consummated. The Jesinoskis' complaint, filed four years and one day after the loan's consummation, was ineffective. The Eighth Circuit affirmed.

*Held*: A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within that period. Section 1635(a)'s unequivocal terms—a borrower "shall have the right to rescind . . . *by notifying the creditor . . . of his intention to do so*" (emphasis added)—leave no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. This conclusion is not altered by §1635(f), which states *when* the right to rescind must be exercised, but says nothing about *how* that right is exercised. Nor does §1635(g)—which states that "in addition to rescission the court may award relief . . . not relating to the right to rescind"—support respondents' view that rescission is necessarily a consequence of judicial action. And the fact that the Act modified the common-law condition precedent to rescission at

law, see §1635(b), hardly implies that the Act thereby codified rescission in equity.  Pp. 2–5.

729 F. 3d 1092, reversed and remanded.

SCALIA, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13–684

LARRY D. JESINOSKI, ET UX., PETITIONERS *v.*
COUNTRYWIDE HOME LOANS, INC., ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE EIGHTH CIRCUIT

[January 13, 2015]

JUSTICE SCALIA delivered the opinion of the Court.

The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated. The question presented is whether a borrower exercises this right by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses.

On February 23, 2007, petitioners Larry and Cheryle Jesinoski refinanced the mortgage on their home by borrowing $611,000 from respondent Countrywide Home Loans, Inc. Exactly three years later, on February 23, 2010, the Jesinoskis mailed respondents a letter purporting to rescind the loan. Respondent Bank of America Home Loans replied on March 12, 2010, refusing to acknowledge the validity of the rescission. On February 24, 2011, the Jesinoskis filed suit in Federal District Court seeking a declaration of rescission and damages.

Respondents moved for judgment on the pleadings, which the District Court granted. The court concluded that the Act requires a borrower seeking rescission to file a lawsuit within three years of the transaction's consum-

mation.  Although the Jesinoskis notified respondents of their intention to rescind within that time, they did not file their first complaint until four years and one day after the loan's consummation.  2012 WL 1365751, *3 (D Minn., Apr. 19, 2012).  The Eighth Circuit affirmed.  729 F. 3d 1092, 1093 (2013) (*per curiam*).

Congress passed the Truth in Lending Act, 82 Stat. 146, as amended, to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing."  15 U. S. C. §1601(a).  To this end, the Act grants borrowers the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so."  §1635(a) (2006 ed.).*  This regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements.  But this conditional right to rescind does not last forever.  Even if a lender *never* makes the required disclosures, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first."  §1635(f).  The Eighth Circuit's affirmance in the present case rested upon its holding in *Keiran* v. *Home Capital, Inc.*, 720 F. 3d 721, 727–728 (2013) that, unless a borrower has filed a suit for rescission within three years of the transaction's consummation, §1635(f) extinguishes the right to rescind and bars relief.

That was error.  Section 1635(a) explains in unequivocal

————————

\* Following the events in this case, Congress transferred the authority to promulgate rules implementing the Act to the Consumer Finance Protection Bureau.  See Dodd-Frank Wall Street Reform and Consumer Protection Act, §§1061(b)(1), 1100A(2), 1100H, 124 Stat. 2036, 2107, 2113.

terms how the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so*" (emphasis added). The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.

Nothing in §1635(f) changes this conclusion. Although §1635(f) tells us *when* the right to rescind must be exercised, it says nothing about *how* that right is exercised. Our observation in *Beach* v. *Ocwen Fed. Bank*, 523 U. S. 410, 417 (1998), that §1635(f) "govern[s] the life of the underlying right" is beside the point. That case concerned a borrower's attempt to rescind in the course of a foreclosure proceeding initiated six years after the loan's consummation. We concluded only that there was "no federal right to rescind, defensively or otherwise, after the 3-year period of §1635(f) has run," *id.,* at 419, not that there was no rescission until a suit is filed.

Respondents do not dispute that §1635(a) requires only written notice of rescission. Indeed, they concede that written notice suffices to rescind a loan within the first three days after the transaction is consummated. They further concede that written notice suffices after that period if the parties agree that the lender failed to make the required disclosures. Respondents argue, however, that if the parties dispute the adequacy of the disclosures—and thus the continued availability of the right to rescind—then written notice *does not* suffice.

Section 1635(a) nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter. In an effort to sidestep this problem, respondents point to a neighboring

provision, §1635(g), which they believe provides support for their interpretation of the Act.  Section 1635(g) states merely that, "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind."  Respondents argue that the phrase "award relief" "in addition to rescission" confirms that rescission is a consequence of judicial action.  But the fact that it can be a consequence of judicial action when §1635(g) is triggered in no way suggests that it can *only* follow from such action.  The Act contemplates various situations in which the question of a lender's compliance with the Act's disclosure requirements may arise in a lawsuit—for example, a lender's foreclosure action in which the borrower raises inadequate disclosure as an affirmative defense.  Section 1635(g) makes clear that a court may not only award rescission and thereby relieve the borrower of his financial obligation to the lender, but may also grant any of the remedies available under §1640 (including statutory damages).  It has no bearing upon whether and how borrower-rescission under §1635(a) may occur.

Finally, respondents invoke the common law.  It is true that rescission traditionally required either that the rescinding party return what he received before a rescission could be effected (rescission at law), or else that a court affirmatively decree rescission (rescission in equity).  2 D. Dobbs, Law of Remedies §9.3(3), pp. 585–586 (2d ed. 1993).  It is also true that the Act disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction. 15 U. S. C. §1635(b).  But the negation of rescission-at-law's tender requirement hardly implies that the Act codifies rescission in equity.  Nothing in our jurisprudence, and no tool of statutory interpretation, requires that a

congressional Act must be construed as implementing its closest common-law analogue. Cf. *Astoria Fed. Sav. & Loan Assn.* v. *Solimino,* 501 U. S. 104, 108–109 (1991). The clear import of §1635(a) is that a borrower need only provide written notice to a lender in order to exercise his right to rescind. To the extent §1635(b) alters the traditional process for unwinding such a unilaterally rescinded transaction, this is simply a case in which statutory law modifies common-law practice.

\*    \*    \*

The Jesinoskis mailed respondents written notice of their intention to rescind within three years of their loan's consummation. Because this is all that a borrower must do in order to exercise his right to rescind under the Act, the court below erred in dismissing the complaint. Accordingly, we reverse the judgment of the Eighth Circuit and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*